**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SUNTRUST BANK,** <br> 303 Peachtree Street NE <br> Atlanta, GA 30308 <br><br> *Plaintiff*, <br><br> v. <br><br> **DR. CHARLES HENDERSON,** <br> 12807 Pinnacle Drive, Apt. 304 <br> Germantown, MD 20874 <br><br> *Defendant,* <br><br> **AVIS FARMER,** <br> 905 East Meadows Court <br> Oxon Hill, MD 20745 <br><br> *Defendant*, <br><br> **and** <br><br> **AMERICAN FEDERATION OF** <br> **GOVERNMENT EMPLOYEES, AFL-CIO,** <br> <u>Serve</u>:  David Borer, Esq. <br>            General Counsel <br>            80 F Street, N.W. <br>            Washington, DC 20001 <br><br> *Defendant*. | **Case No. _____** |

**COMPLAINT FOR INTERPLEADER**

SunTrust Bank ("SunTrust"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1335, 1397, and 2361, for its Complaint for Interpleader, states as follows:

**INTRODUCTION**

1. SunTrust brings this Complaint for Interpleader to resolve competing claims to funds held with SunTrust. SunTrust presently holds the disputed funds in the amount of

$212,663.23 ("Funds") as a stakeholder, and it wishes to interplead the Funds into the Court's registry pending resolution and disposition of all competing claim to the Funds. SunTrust respectfully requests that it be dismissed from this litigation after the Funds are accepted for deposit and its attorneys' fees and costs are awarded.

## PARTIES

2. SunTrust is a Georgia state-chartered bank with its principal place of business in Atlanta, Georgia. SunTrust maintains various banking and operational centers in the District of Columbia and transacts business in the District of Columbia.

3. American Federation of Government Employees, AFL-CIO ("AFGE") is a labor organization and is headquartered at 80 F. Street, N.W., Washington, DC 20001.

4. Upon information and belief, Dr. Charles Henderson ("Henderson") is a resident and citizen of the State of Maryland and was the President of AFGE, Local 2607.

5. Upon information and belief, Avis Farmer ("Farmer") is a resident and citizen of the State of Maryland and was the Vice President of AFGE Local 2607.

## JURISDICTION

6. This is an action for interpleader of a sum that exceeds $500.00.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1335 and 2361, in that there is diversity of citizenship between at least two of the claimant Defendants, and the amount in controversy in this action exceeds $500.00, exclusive of interest and costs.

8. The court may exercise jurisdiction over the subject matter of this action pursuant to Fed. R. Civ. P. 22 as there is diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because AFGE is located and headquartered in the District of Columbia. Also, a substantial part of the events or omissions giving rise to the claims occurred in this District.

## **COUNT I – INTERPLEADER**

10. SunTrust incorporates the preceding paragraphs as if fully set forth herein.

11. On or about July 21, 2006, AFGE Local 2607 opened an account with SunTrust in the District of Columbia, which bears account number xxxxxxxxx5114 (the "5114 Account"). Account opening documents for the 5114 Account are attached hereto as **Exhibit 1**.

12. On or about October 17, 2018, AFGE Local 2607 deposited $146,425.39 with SunTrust in a certificate of deposit account, which bears account number xxxxxxx0363 (the "CD"). Account opening documents for the 0363 Account are attached hereto as **Exhibit 2**.

13. On or about October 29, 2018, AFGE Local 2607 opened an account with SunTrust in the District of Columbia, which bears account number xxxxxxxxx6449 (the "6449 Account") (together with the 5114 Account and the CD, the "Accounts"). Account opening documents for the 6449 Account are attached hereto as **Exhibit 3**.

14. Henderson and Farmer have signature authority on the 5114 Account and the 6449 Account. Also, Henderson opened the CD with SunTrust.

15. On May 2, 2019, SunTrust was sent a letter, attached hereto as **Exhibit 4**, from AFGE, claiming that AFGE Local 2607 was disbanded, requesting that all of AFGE Local 2607's accounts be closed, and instructing SunTrust to issue a check for any funds in the accounts to AFGE.

16. SunTrust also received a letter, attached hereto as **Exhibit 5**, from Henderson and Farmer, demanding that any funds held in AFGE Local 2607's accounts not be turned over to any one other than Henderson and Farmer.

17. As of June 17, 2019, SunTrust is holding $7,062.00 in Account 5114 and $56,841.87 in Account 6449. As of June 17, 2019, the balance of the CD was $148,759.36.

18. Under the circumstances, SunTrust is unable to determine factually or legally who is entitled to the Funds. SunTrust is or may be exposed to multiple claims to the Funds.

19. SunTrust does not have any stake or ownership interest in the Funds (except to recover its attorneys' fees and costs incurred in bringing this action) and has acted in good faith with respect to the Funds and the claimants thereto.

20. SunTrust respectfully requests that this Court determine to whom the Funds should be paid.

21. SunTrust accordingly will deposit into the registry of the Court the disputed Funds for disbursement in accordance with the judgment of this Court.

22. SunTrust has not brought this Complaint for Interpleader at the request of any of the Defendants. There is no fraud or collusion between SunTrust and any of the Defendants. SunTrust brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

23. SunTrust has incurred attorneys' fees and costs associated with the dispute between Defendants over the Funds. SunTrust is entitled to an award of attorneys' fees and costs pursuant to governing interpleader law and the signature cards, the deposit account agreement, and other account documents that govern the Accounts. Copies of the rules and regulations that govern the Accounts are attached as **Exhibits 6** (5114 Account) and **7** (6449 Account and 0363 Account).

**WHEREFORE**, SunTrust prays that the Court enter judgment:

(a) requiring Defendants to answer this Complaint for Interpleader and litigate their claims between themselves for the Funds;

(b) enjoining Defendants from instituting or prosecuting any proceeding in any other state or United States court affecting the Funds or the Accounts;

(c) requiring that Defendants settle and adjudge between themselves, or upon their failure to do so, this Court settle and adjudge the claims and determine to whom the Funds should be paid;

(d) permitting SunTrust to deposit the amount of the Funds, and all other amounts accrued, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e) dismissing SunTrust from this suit with prejudice and forever discharging SunTrust from any and all further liability to Defendants relating in any way to the Funds, the Accounts upon payment of the Funds into the registry of this Court or as otherwise directed by this Court;

(f) holding SunTrust harmless as against any claims made by Defendants or any other party claiming an interest in the Funds;

(g) awarding SunTrust its attorneys' fees and costs in their entirety;

(h) awarding SunTrust any other and further relief that this Court deems just and proper.

Respectfully submitted,

**SUNTRUST BANK**

/s/ S. Mohsin Reza
S. Mohsin Reza
DC Bar No. 985270
Jason T. Kutcher
DC Bar No. 1011988
TROUTMAN SANDERS LLP
401 9th Street, NW, Ste. 1000
Washington, DC 20004
Telephone: (202) 274-1927
E-mail: mohsin.reza@troutman.com
E-mail: jason.kutcher@troutman.com
*Counsel for Plaintiff SunTrust Bank*